IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BERT C. LANDER, | : | |
|     Plaintiff | : | Civil Action No. 1:08-1425 |
| | : | |
| v. | : | |
| | : | |
| ABF FREIGHT SYSTEMS, INC., | : | J. Rambo |
|     Defendant | : | |

## MEMORANDUM

Before the court is Defendant ABF Freight Systems, Inc.'s ("ABF") motion for summary judgment. (Doc. 23.) For the reasons that follow, the motion will be granted.

**I.** **Background**

**A. Facts**[1]

Plaintiff Bert C. Lander was an employee at ABF, and its predecessor company, from 1973 until 2007, when he was placed on medical release. (Statement of Undisputed Facts, Doc. 23-3 ¶¶ 4, 24.) In November of 1975, Lander was hurt on the job and had to undergo surgery. (*Id.* ¶ 6.) Ever since this accident, Lander has had medical limitations on how much he can lift, as well as

---

[1] The following facts are not in dispute, except where indicated.

1

other physical limitations.  (*See* Lander Aff., Doc. 26-2.)  Lander had provided ABF with various documents over the year outlining his physical limitations.  (*Id.* ¶ 12.)

Beginning in 1995, and continuing until December of 2006, Lander worked for ABF as a combination driver/dockworker.  (Statement of Undisputed Facts, Doc. 23-3 ¶ 7.)  At the time Lander was let go, his work duties included dock work, jockeying, local driving, and deliveries.[2]  (*Id.* ¶ 10.)  According to ABF's job description, a combination driver/dockworker must be able to lift over forty-five pounds.[3]  (*Id.* ¶ 12.)  Every employee at ABF's Baltimore terminal, where Lander worked, and who was in Lander's union is classified as a combination driver/dockworker.  (*Id.* ¶ 13.)

On December 7, 2006, Lander was examined by a Dr. K. Nicholas Pandelidis.  (*Id.* ¶ 15.)  Dr. Pandelidis determined that Lander should have the following work restrictions: no lifting over forty pounds, no lifting over forty pounds repetitively, limited pushing or pulling over forty pounds, and only

---

[2] Lander lists this as a disputed fact.  However, his citation to the record is merely a reference to Lander's affidavit where he ways "[i]n the Fall 2006, I verbally complained that my restrictions were not being honored."  (Lander Dep., Doc. 26-2, ¶ 29.)  Although possibly disputed, this is not a "material" fact on which this case would turn.

[3] Lander again generally disputes this fact, saying that he was regularly provided accommodations in the past which meant he did not always do all of the tasks listed in the companies job description for a combination driver/dockworker.

occasional bending, twisting or stooping. (*Id.*) On December 11, 2006, ABF received a copy of Lander's medical restrictions. (*Id.* ¶ 16.) Lander was informed that, due to his medical restrictions, he was no longer able to receive work assignments. (*Id.*) Per Lander's union's policy, ABF and Dr. Pandelidis then agreed on a neutral, third-party doctor who would evaluate Lander. On August 3, 2007, this doctor determined that Lander should be restricted from lifting more than fifty pounds, and that he was at "maximum medical improvement." (*Id.* ¶ 23.)

## B. Procedural History

On July 30, 2008, Lander filed his complaint alleging violations of the American's with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"). (Doc. 1.) On February 16, 2010, ABF filed a motion for summary judgment and brief in support. (Doc. 23.) Lander filed his opposition brief on March 10, 2010, (Doc. 26), and ABF replied on March 24, 2010, (Doc. 27). The motion is now ripe for disposition.

## II. Discussion

### A. Standard of Review

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord Saldana v. Kmart Corp.*, 260 F.3d 228, 231-32 (3d Cir. 2001). A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the nonmoving party. *Id.* at 248. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. *Saldana*, 260 F.3d at 232; *see also Reeder v. Sybron Transition Corp.*, 142 F.R.D. 607, 609 (M.D. Pa. 1992).

The moving party bears the initial burden of demonstrating the absence of a disputed issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Upon such a showing, the burden then shifts to the non-moving party to present "specific facts showing the existence of a genuine issue for trial." Fed. R. Civ. P. 56(e). The nonmoving party may not simply sit back and rest on the

4

allegations in its complaint; instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324 (internal quotations omitted); *see also Saldana*, 260 F.3d at 232 (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." *Celotex*, 477 U.S. at 322-23. "'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.'" *Saldana*, 260 F.3d at 232 (quoting *Williams v. Borough of West Chester*, 891 F.2d 458, 460-61 (3d Cir. 1989)).

### B. Americans With Disabilities Act

Lander claims that ABF discriminated against him on the basis of his alleged disability by failing to make reasonable accommodations as required by the ADA. ABS counters that Lander does not have a "disability" as defined by the ADA and, as such, ABF was under no legal duty to provide Lander with reasonable accommodations as defined by that statute.

5

The ADA forbids an employer from discriminating "against a qualified individual with a disability because of the disability of such individual in regard to . . . terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). A "qualified individual with a disability" is one who "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111 (8); *Marinelli v. City of Erie*, 216 F.3d 354, 359 (3d Cir. 2000); *Pokrifka v. Dollar Gen. Corp.*, 2009 WL 2997024, at *6 (M.D. Pa. Sept. 14, 2009). Plaintiff bears the burden of establishing 1) that they are a disabled as defined by the ADA; 2) that they are qualified to perform the essential functions of the job, with or without reasonable accommodations; and 3) that they suffered an adverse employment action because of discrimination. *See Pokrifka*, 2009 WL 2997024, at *6 (internal quotations omitted).

A plaintiff must first established that they are, in fact, disabled, as defined by the ADA. "[A] disability is defined as either (1) a physical or mental impairment that substantially limits one or more of the major life activities of such [an] individual; (2) a record of such an impairment;[4] or (3) being regarded as having

---

[4] Neither party argues that Lander qualifies under the second prong, as such, the court will not address it.

such an impairment." *Marinelli*, 216 F.3d at 359 (*citing* 42 U.S.C. § 12102(2)(A)-(C)) (internal quotations omitted).

### 1. <u>Physical Impairment Limiting a Major Life Activity</u>

The Equal Employment Opportunity Commission ("EEOC") has promulgated regulations which help to interpret the statutory language of the ADA. One such regulation defines "impairment" as, "[a]ny physiological disorder, or condition . . . or anatomical loss affecting one or more of the following body systems: neurological . . . musculoskeletal . . . ." 29 C.F.R. § 1630.2(h)(1). Neither party disputes that Lander's 1975 fork lift accident has left him with is an "impairment" of his "neurological" or "musculoskeletal" system.

However, in addition to establishing such an impairment, a plaintiff must show the impairment "significantly limit[s] one or more major life activities." *Marinelli*, 216 F.3d at 361. "Major life activities are those basic activities that the average person in the general population can perform with little or no difficulty." *Id.* (quoting 29 C.F.R. § 1630.2(i)). Specifically, "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working," *id.*, have all been considered major life activities, in addition to "standing, reaching and lifting." *Deane v. Pocono Med. Ctr.*, 142 F.3d 138, 144 n.7 (3d Cir. 1998) (quoting 29 C.F.R. pt. 1630, app. § 1630.2(i)).

7

Furthermore, the impairment must substantially limit the plaintiff's ability to engage in that activity. *Id.* "Substantially limits" means the plaintiff is either "unable to perform a major life activity that the average person in the general population can perform" or the plaintiff is "significantly restricted as to the condition, manner, or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity." 29 C.F.R. § 1630.2(j)(1)(i)-(ii). In the Third Circuit, it has been determined that these regulations require that "(1) courts must adjudicate ADA claims on a case-by-case basis; and (2) . . . only extremely limiting disabilities- in either the short term or long-term-[will] qualify for protected status under the ADA." *Marinelli*, 216 F.3d at 362 (compiling cases from Third Circuit analyzing EEOC regulations).

Plaintiff claims that he is substantially limited in the major life activities of lifting and working.[5] The court will address each of these in turn.

---

[5] Lander also claims he has trouble walking and sleeping. Although Lander cites to caselaw which recognizes these as major life activities, Lander fails to cite to anything in the record which would support these claims. At the summary judgment phase, Lander may not "sit back and rest on the allegations in the complaint, but instead, must come forward with some evidence in the record to support his claim. Lander has failed to do that with regard to these issues.

### a. <u>Lifting</u>

The Third Circuit has made clear that the inability to lift ten pounds, much less forty, does not qualify an individual as disabled under the ADA. *Marinelli*, 216 F.3d at 364 (compiling cases from multiple circuits explaining that lifting restrictions ranging from twenty to twenty-five pounds have not been considered a disability and likewise, a ten pound restriction would not be a disability). As such, Lander cannot establish under the first prong of the disability test that his lifting restriction is in fact, a disability.

### b. <u>Working</u>

The EEOC has made clear that in order to qualified as being substantially limited from working under the ADA a plaintiff must establish they are unable "to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities." 29 C.F.R. §1630.2(j)(3)(i). However, "the mere inability to perform a single, particular job will not suffice to establish a substantial limitation with respect to working," indeed, "an individual that is unable to perform a particular job for one employer, or is unable to perform a specialized job is not substantially limited in his ability to work." *Miranelli*, 216 A.2d at 364 (citing to 29 C.F.R. § 1630.2(j)). A plaintiff must be able to show their disability prevents them from engaging in an

9

entire category of jobs. *Id.* "Even a complete inability to perform a single job does not warrant a finding that the plaintiff has a disability." *Smith v. ABF Freight*, 2007 WL 3231969, at *6 (M.D. Pa. Oct. 29, 2007).

Lander has failed to show what broad range of jobs he is unable to perform due to his disability. Lander's medical report only restricts him to lifting, or repeatedly lifting, or pushing or pulling, more than forty pounds and to limited bending, twisting or stooping. (Ex. A1, Employee Work Status Report, Doc. 23-2, at 10 of 63.) Furthermore, Lander was diagnosed as being able to work at the Medium Physical Demand Level for eight hours a day. (Ex. A3, Letter from Emily M. McKeon, MPT/PT to ABF Freight, March 28, 2007, Doc. 23-2, at 15 of 63.) This evidence does not show that Lander is prohibited from engaging in a broad range of jobs. *See Miranelli*, 216 F.3d at 364 (stating that a lifting restriction listed in a medical report merely placed a limitation on the Plaintiff but did not establish that Plaintiff was unable to work in an entire class of jobs). Courts have also held that a medical report which merely states that an individual is restricted to a specific level of work, i.e. light, sedentary, heavy, etc., is insufficient to show a plaintiff cannot work a broad range of jobs. *See id.* at 354-365 (citing to cases across circuits establishing that merely pointing to a work restriction in a medical report is insufficient to establish a disability under the ADA). Lander, in his brief,

10

fails to cite to anything in the record to support that he cannot perform in a broad range of jobs. And in fact, Lander is currently working as a driver for another company. Thus, combing through the exhibits, the court can only find the restrictions in the medical reports which indicates Lander is prohibited from doing certain tasks; however, as explained above, this is insufficient as a matter of law to allow Lander to proceed past the summary judgment phase.

For the reasons stated above, Lander has failed to establish that he has a physical impairment in either lifting or working which substantially limits a major life activity. Therefore, Lander has failed to establish he has a disability under this prong of the test.

### 2. "Regarded as" Disabled

Lander next argues that he satisfies the third prong of the test to determine if he has a disability because ABF "regarded him" as having such a disability. *See* 42 U.S.C. § 12102(1)(c) (stating that an individual can establish they are disabled if they are "regarded as having such an impairment.").

Lander cannot establish that he was regarded as having a disability because, even if he is limited to lifting only forty pounds, such a lifting restriction does not qualify Lander as being disabled because it does not constitute a substantial

impairment of a major life activity.  *See Marinelli, supra*; *see also Supinski v. United Parcel Serv.,* 2009 WL 113796, at *5 (M.D. Pa. Jan. 16, 2009).

For a plaintiff to establish they were "regarded as" having a disability they must show either "(1) a covered entity mistakenly believes that a person has a physical impairment that substantially limits one or more major life activities, or (2) a covered entity mistakenly believes that an actual, non-limiting impairment substantially limited one or more major life activities."  *Sutton v. United Airlines*, 527 U.S. 471, 489 (1999).  However, "an employer is free to decide that some limiting, but not *substantially* limiting, impairments make individuals less then ideally suited for a job."  *Rakity v. Dillon Companies, Inc.*, 302 F.3d 1152, 1162 (10th Cir. 2002) (emphasis in original).

It is true that ABF regarded Lander as impaired in his ability to lift, but only to the extent outlined in the medical records, which is insufficient to show ABF believed lander was substantially limited in a major life activity and thus disabled.  *See Rakity*, 302 F.3d at 1162 (holding that the evidence showed the employer regarded the plaintiff as "impaired in his ability to lift, but only to the extent indicated in his medical and employment records," which was insufficient to show plaintiff was substantially limited in a major life activity); *see also Marinelli*, 216 F.3d 354 (restriction on not lifting more than ten pounds is not a substantial

12

limitation on a major life activity). An employer is free "to prefer some physical characteristics over others provided those characteristics do not substantially limit a major life activity." *Rakity*, 302 F.3d at 1163. As such, Lander cannot establish he was regarded as being substantially limited in a major life activity and cannot establish he has a disability under the ADA.[6]

C. **Conclusion**

For the aforementioned reasons, Lander has failed to establish he has a disability as defined by the ADA and therefore, Defendant's motion for summary judgment will be granted. An appropriate order will issue.

s/Sylvia H. Rambo<br>United States District Judge

Dated: May 7, 2010.

---

[6] As a side note, the court recognizes that effective January 1, 2009, Congress amended the ADA by enacting the ADA Amendments Act of 2008 ("ADAAA"), Pub. L. No. 110-325, 122 Stat. 3553 (2008), which clarified Congress' intent behind the definition of "disability." Specifically, Congress chose to explicitly overturn the Supreme Court's decision in *Sutton v. United Air Lines, Inc.*, 527 U.S. 471 (1999). However, "courts must not retroactively apply legislation if 'it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed.'" *Namako v. Acme Markets Inc.*, 2010 WL 891144, *3 (E.D. Pa. 2010) (citing *Landgraf v. USI Film Prods.*, 511 U.S. 244, 280 (1994)). Accordingly, since the conduct in question took place in 2007, the court declines to apply the ADAAA standards but will instead follow the caselaw in place at the time ABF acted. However, the court is mindful and sympathetic that this case may have had an different outcome had the new amendments to the ADA been in place at the time.

13

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BERT C. LANDER, | : | |
|     Plaintiff | : | Civ. Action No. 1:08-1425 |
| | : | |
| v. | : | |
| | : | |
| ABF FREIGHT SYSTEMS, INC., | : | J. Rambo |
|     Defendant | : | |
| | : | |

## <u>O R D E R</u>

For the reasons established in the accompanying memorandum of law, Defendant's motion for summary judgment, (Doc. 23), is **GRANTED**. The clerk of court is directed to enter judgment for Defendant and close the case.

                                              s/Sylvia H. Rambo
                                              United States District Judge

Dated: May 7, 2010.